Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

FILED
CLERK, U.S. DISTRICT COURT

**1/19/22**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KMH_____ DEPUTY

FEE PAID: 26UMBBBM

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JORGE ALEJANDRO ROJAS,

       Plaintiff,

vs.

SARINANA, INC. D/B/A CENTURY
21 A BETTER SERVICE REALTY,
JEREMY ERNESTO SIFUENTES,

       Defendants.

Case No.: **2:22-cv-00398-JFW-MRWx**

COMPLAINT FOR:
VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT, 47
U.S.C. § 227

    Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone

Consumer Protection Act, 47 U.S.C. § 227, against Defendants Sarinana Inc., doing

business as Century 21 A Better Service Realty, "Century 21," and Jeremy Ernesto

Sifuentes, ("Sifuentes"), "Defendants" and alleges based on personal knowledge and

information and belief, as follows:

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 -
1

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls in an effort to solicit business, specifically, to buy and/or sell homes and utilize their real estate broker services, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 2

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of California. Specifically, Century 21 has numerous locations in the state. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Sarinana Inc., doing business as Century 21 A Better Service Realty, "Century 21," is a California Domestic Stock entity, with a principal entity address of 8077 Florence Ave #204 Downey, CA 90240, and a registered agent of David Sarinana at the same address.

9. Defendant Jeremy Ernesto Sifuentes ("Sifuentes") is a person with a mailing address of 10231 Mattock Ave Downey, CA 90241.

10. Defendants are a person as defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 3

## STATUTORY BACKGROUND

12. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

13. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that

the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

15. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

## FACTUAL ALLEGATIONS

16. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

17. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

18. Plaintiff is the account holder and customary user of his phone number.

19. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

20. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

21. Defendant Century 21 is a real estate agency who has been engaging in telemarketing in order to obtain business.

22. Defendant Sifuentes is an employee of Century 21.

23. **Call 1.** On January 13, 2022, at 3:27 PM Chicago time, Plaintiff received a telephone call from a spoofed number, of all "0s." **Exhibit 2.**

24. **Call 2.** On January 13, 2022, at 3:27 PM Chicago time, Plaintiff received a telephone call from 562-445-4064. **Exhibit 3.**

25. **Call 3**. On January 13, 2022, at 3:28 PM Chicago time, Plaintiff received a ringless voicemail from an Unknown number. **Exhibit 4.**

26. The Call 3 voicemail[1] stated to the effect of "I'm a qualified buyer that is looking to purchase a home in your neighborhood if you are interested I would like to know what your home is worth call or text me back for 100% hassle free property evaluation my number is 562-445-4064 that is 562-445-4064 I look forward to hearing from you thank you and make it a great day I will let you know…"

---

[1] The voicemail transcript in this Complaint may contain minor errors or omissions due to being taken from Plaintiff's voicemail transcription service

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 6

27. The above calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, real estate, and soliciting the services of a real estate agent.

28. Defendants masked its telephone number to not reveal its true telephone number.

29. The conduct alleged in this action was made willful and knowingly, for reason including that the caller did not identify himself by name or entity, in order to obfuscate who they were, and the use of Caller ID masking.

30. On January 15, 2022, Plaintiff called back the number provided to investigate the call further.

31. Plaintiff spoke with Jeremy Sifuentes, who stated that his teammate made the telephone call, and provided a call back number of 562-760-8162.

32. After further investigation, Plaintiff identified Sifuentes as a licensed salesperson in the State of California, with license ID 02083396.

33. Jeremy has provided Plaintiff with his electronic business card, which confirmed he works for Defendant.

34. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 7

35. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

36. Plaintiff did not have a prior business relationship with Defendants.

37. Defendants did not have any consent to call Plaintiff.

38. Defendants are not an organization exempt from the TCPA.

39. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

40. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

41. Upon information and belief, Plaintiff received additional calls from Defendants and its affiliates not included above.

42. Plaintiff alleges that Defendants train its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

43. Defendants made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer

is a local person or business, increasing the likelihood that the telemarketing call will be answered.

44. The impersonal and generic nature of Defendants' calls demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

45. In total, Defendants and/or its affiliates placed at least three (3) telephone solicitation calls to Plaintiff.

46. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

47. Defendants have a pattern and/or practice of failing to comply with the TCPA.

48. The foregoing acts and omissions were in violation of the TCPA.

49. Defendant Sifuentes is liable under the TCPA as he is the individual collecting the leads from the telemarketing scheme and earning a commission on any sales or purchases made.

50. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

51. Employees can be held liable in TCPA actions for unlawful conduct.

52. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

53. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

54. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

55. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

56. Plaintiff is also entitled to an award of costs.

57. Defendants' calls were not made for "emergency purposes."

58. Defendants' calls to Plaintiff were made without any prior express written consent.

59. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

60. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

61. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

62. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

63. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

64. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

65. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least three (3) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

66. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

67. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $4,500.00 plus costs and any other remedy deemed appropriate.

**COUNT 2.** Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 12

68. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

69. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

70. Defendants called Plaintiff's telephone at least three (3) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

71. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the three (3) telephone calls.

72. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $4,500.00 plus costs and any other remedy deemed appropriate.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 13

**COUNT 3.** Violation concerning Identification of Sellers and Telemarketers, 47

C.F.R. § 64.1200(d)(4)

73. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

74. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

75. Defendants violated this provision during the telephone calls by not identifying itself adequately during the voicemail it left.

76. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the three (3) telephone calls.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and severally, in an amount to be

more fully determined at trial, but at least $10,500.00 as permitted by statute, as follows:

    A. All actual damages Plaintiff suffered;

    B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

    C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

    D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

    E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

    F. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

    G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

    H. Leave to amend this Complaint to conform to the evidence presented at trial; and

    I. Any other relief this Court deems proper.

    Respectfully submitted,

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 15

1  Dated: January 19, 2022

2

3

4                                          /s/ Jorge Alejandro Rojas
                                           JORGE ALEJANDRO ROJAS
5                                          Rojas.jorge96@gmail.com
                                           Plaintiff in Pro Se
6                                          557 Cambridge Way
                                           Bolingbrook, IL 60440
7                                          (424) 219-1582

8

9

10

11

12

13

14

15

16

17

18

19

20

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 16

# EXHIBIT 1

# EXHIBIT 1

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>
To: rojas.jorge96@gmail.com

Fri, Jun 18, 2021 at 12:15 PM

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*********************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2



# EXHIBIT 3

# EXHIBIT 3



# EXHIBIT 4

# EXHIBIT 4



Greeting                                          Edit

# Voicemail

+1 (800) 619-5477                    15:35    ⓘ
unknown                                   00:25

**Unknown**                                ⬆   ⓘ
unknown
January 13, 2022 at 15:28

0:00                                    −0:26

▶                          🔊    📞    🗑

### Transcription
"I'm qualified buyer that is looking to purchase a home in
your neighborhood if you are interested I would like to
know what your home is worth call or text me back for
100% hassle free property evaluation my number is
562-445-4064 that is 562-445-4064 I look forward to
hearing from you thank you and make it a great day I will
let you know..."

Was this transcription useful or not useful?

+41 58 303 16 7                        1/7/22   ⓘ
Switzerland                               00:22

+1 (855) 900-4911                      1/7/22   ⓘ
unknown                                   01:13

+1 (954) 471-8032                      1/3/22   ⓘ
Fort Lauderdale, FL                       00:13

Unknown                               12/23/21   ⓘ
unknown                                   00:58

Unknown                               12/23/21   ⓘ
unknown                                   00:24

⭐                🕐        👤        ⦂⦂⦂        ☎ 141
Favorites      Recents   Contacts    Keypad   Voicemail